ACCEPTED
04-14-00651-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/12/2015 10:31:16 AM
KEITH HOTTLE
CLERK

NO. 04-14-00651-CV

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/12/2015 10:31:16 AM
KEITH E. HOTTLE
Clerk

PHILIP WAYNE HINDES AND MELINDA HINDES EUSTACE,

*Appellants,*

V.

LA SALLE COUNTY, TEXAS, HON. JOEL RODRIGUEZ, JR., IN HIS OFFICIAL CAPACITY AS COUNTY JUDGE, LA SALLE COUNTY, TEXAS AND HON. RAUL AYALA, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER, PRECINCT 4, LA SALLE COUNTY, TEXAS,

*Appellees.*

ON APPEAL FROM THE 81ST DISTRICT COURT, LA SALLE COUNTY, TEXAS
HONORABLE DICK ALCALA PRESIDING
CAUSE NO. 12-09-00179-CVL

## APPELLANTS' MOTION FOR REHEARING

THE RANGEL LAW FIRM, P.C.
Jorge C. Rangel
State Bar No. 16543500
Jaime S. Rangel
State Bar No. 24033759
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas 78401
(361) 883-8500 – Telephone
(361) 883-2611 – Fax
Jorge.C.Rangel@rangellaw.com
jaime.rangel@rangellaw.com

HOUSTON DUNN, PLLC
Samuel V. Houston, III
State Bar No. 24041135
4040 Broadway, Suite 440
San Antonio, Texas 78209
(210) 775-0882 – Telephone
(210) 826-0075 – Fax
sam@hdappeals.com

UHL, FITZSIMONS, JEWETT & BURTON, PLLC
J. Byron "Trace" Burton, III
State Bar No. 24031776
Ezra A. Johnson
State Bar No. 24065499
4040 Broadway, Suite 430
San Antonio, Texas 78209
(210) 829-1660 – Telephone
(210) 829-1641 – Fax
tburton@ufjblaw.com
ejohnson@ufjblaw.com

**ATTORNEYS FOR APPELLANTS**

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS..............................................................................i

TABLE OF AUTHORITIES .......................................................................ii

ARGUMENT.............................................................................................. 1

    I.    The Panel Must Address the Jurisdictional Conflict Between the District Court and the La Salle County Commissioners Court.... 1

        A.    The panel does not reach the jurisdictional arguments because it too narrowly construes the Hindes' pleadings. ................................................................2

        B.    A claim challenging the La Salle County Defendants' consideration of the Chapter 251 application is ripe.........4

    II.    The Record Affirmatively Demonstrates That Injury Is Imminent.................................................................................5

    III.    Conclusion and Prayer................................................................6

CERTIFICATE OF COMPLIANCE.................................................................9

CERTIFICATE OF SERVICE........................................................................9

# TABLE OF AUTHORITIES

**Page**

## CASES

*Hindes v. La Salle Cnty., Tex.*,
No. 04-14-00651-CV, 2015 WL 5037033
(Tex. App.—San Antonio Aug. 26, 2015, no pet. h.) (mem. op.) .........1, 4, 5

*Phillips v. Naumann*, 275 S.W.2d 464 (Tex. 1955) .......................................2

*Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) .....2

*Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849 (Tex. 2000) ....................4

## STATUTES

TEX. TRANSP. CODE § 251.053.......................................................................2

TO THE HONORABLE FOURTH COURT OF APPEALS:

Appellants Philip Wayne Hindes and Melinda Hindes Eustace (collectively "the Hindes") respectfully present this motion for rehearing requesting that the panel issue a new opinion and judgment reversing the trial court's order granting the La Salle County Defendants' First Amended Plea to the Jurisdiction.[1]

## ARGUMENT

### I. The Panel Must Address the Jurisdictional Conflict Between the District Court and the La Salle County Commissioners Court.

In resolving an appeal, the panel must issue an opinion "that addresses every issue raised and necessary to final disposition of the appeal." TEX. R. APP. P. 47.1. The panel concludes that it did not need to reach the Hindes' jurisdictional arguments challenging the La Salle County Defendants' ability even to consider the Chapter 251 application. *Hindes v. La Salle Cnty., Tex.*, No. 04-14-00651-CV, 2015 WL 5037033, at *4 (Tex. App.—San Antonio Aug. 26, 2015, no pet. h.) (mem. op.). But jurisdiction was briefed at length by the parties, and it should have been addressed in the opinion.

---

[1] The appellees are referred to collectively as "the La Salle County Defendants" throughout this motion.

## A. The panel does not reach the jurisdictional arguments because it too narrowly construes the Hindes' pleadings.

When a plaintiff's pleadings are challenged in a plea to the jurisdiction, which is what occurred in this appeal, the standard of review requires the court of appeals to liberally construe the pleadings in the plaintiff's favor and look to his intent. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Despite this standard, the panel limits its analysis of the Hindes's pleadings. The resulting opinion does not recognize the different factual bases for the claims against the La Salle County Defendants. In that connection, the theory underlying the claims against the La Salle County Defendants is primarily two-fold.

First, the La Salle County Defendants could not have accepted the Chapter 251 application because it was deficient on its face. CR 302-03. Namely, the Townsends' application did not address the statutory element of "necessity." CR 303 (citing *Phillips v. Naumann*, 275 S.W.2d 464 (Tex. 1955); TEX. TRANSP. CODE § 251.053). Indeed, the Hindes asserted that the Townsends could never show the requisite statutory "necessity" because that issue had already been judicially determined by summary judgment in the Hindes' favor. CR 303; *see also* CR 240.

Second, the La Salle County Defendants could not consider the application in the first place. The La Salle County Defendants were prohibited from doing so because the trial court had dominant, continuing jurisdiction over disputes involving the Hindes Road. CR 303. Additionally, any attempt

2

by the commissioners court to make rulings with respect to the Hindes Road would necessarily interfere with the trial court's ongoing jurisdiction. CR 303. Any resulting order contrary to the trial court's orders would be an impermissible collateral attack. CR 303.[2]

To the extent that the Hindes challenged the commissioners court's ability to consider the application, the La Salle County Defendants sought dismissal of that portion of the claim because it violated the separation of powers doctrine. CR 323. In response, the Hindes asserted that the reliance upon the separation of powers doctrine was misplaced because (1) district courts are granted supervisory jurisdiction over commissioners courts; (2) a commissioners court is not performing a legislative function when considering a Chapter 251 application; and (3) principles of dominant jurisdiction do not permit a commissioners court to interfere with a district court's ongoing jurisdiction. Br. of Appellants 11-16; Reply Br. of Appellants 2-5.

Despite extensive briefing by the parties, which is incorporated by reference herein, the panel's opinion does not address the parties' jurisdictional arguments. As a result, the panel should grant the motion for rehearing to address all issues presented by the appeal.

---

[2] The Hindes also asserted that these actions by the La Salle County Defendants were *ultra vires*. CR 303.

**B.** **A claim challenging the La Salle County Defendants' consideration of the Chapter 251 application is ripe.**

The Court never reaches the second theory, concluding only that the Hindes's claims are not ripe because no final action had been taken on the Chapter 251 application. *Hindes*, 2015 WL 5037033, at *3-4. But a claim challenging the La Salle County Defendants' ability even to consider the application is factually distinct, and it is ripe.

A claim is ripe when an injury has occurred or is likely to occur. *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 852 (Tex. 2000). It is undisputed that the La Salle County Defendants have accepted and considered the application, even going so far as to declare a "public interest" in the road. CR 302-03, 357, 378-79, 398, 421-22. Not only do the Hindes assert that the La Salle County Defendants lack the power to consider the application, but their consideration and action on the application has caused direct injury to the Hindes.

The La Salle County Defendants' declaration of a public interest, which is product of their consideration of the application, caused the Hindes to suffer injury. This action lead the underlying plaintiffs, the Townsends, and their agents and invitees to use the Hindes Road. *See* CR 253. The Townsends reasoned that the commissioners court had declared the Hindes Road open to the public. CR 246, 253, 398, 399, 401. To prevent any future trespass, the Hindes successfully obtained injunctive relief to prevent the Townsends from

4

using the Hindes Road while the proceedings continued. CR 273. Thus, based upon the foregoing, the Hindes' claims are clearly ripe.

## II. The Record Affirmatively Demonstrates That Injury Is Imminent.

The panel should reconsider its conclusion that the Hindes failed to show that future injury was imminent, *i.e.*, that the La Salle County Defendants were going to grant the Chapter 251 application. *Hindes*, 2015 WL 5037033, at *4. The opinion purports to list and discuss the Hindes' evidence demonstrating imminent injury. *See id.* In particular, the panel discounts clear and unequivocal statements by the La Salle County Judge and Commissioner Ayala that the Hindes Road is already a public road, and if not already a public road, it should be declared open to the public. *Id.*; *see also* CR 401-02; 421.

According to the opinion, these statements do not demonstrate imminent injury, in part, because statements by individual commissioners do not necessarily show how the entire court will vote. *Hindes*, 2015 WL 5037033, at *4 & n.4. The panel also notes that the County had authorized an attorney to procure a title insurance policy on the Hindes Road. *Id.* at *4. But the panel's review of the record is incomplete.

The opinion fails to include and address other important facts demonstrating that the application will be granted. The opinion does not mention other actions that were taken by the commissioners court as a collective body as well as other affirmative actions taken under County

5

authority. In particular, the commissioners court voted twice to declare a "public interest" in the Hindes Road. CR 367, 379; *see also* CR 398-99. The transcript from the commissioners court meeting, which reveals a motion and unanimous vote, confirms the inevitable:

> [T]he Court enters this Clarifying Order, to clarify its January 14, 2013, decision and Order. **The Court then found, and now finds, that a "public interest" exists in the road** . . ., which is sometimes referred to as the North County Road, and a portion of it, is sometimes referred to as the **Hindes Road**.

CR 379 (emphasis added). With respect to the title policy discussed above, that too was authorized by the commissioners court as a whole. CR 360; RR 9. Finally, County employees were directed to change road signs to identify the road in question as the "Hindes Road." CR 405.

Had the panel considered the totality of the evidence brought forth by the Hindes, it should have concluded that future injury is imminent. The record reflects that the application will be granted. There is no mystery as to what the future holds. Accordingly, the motion for rehearing should be granted.

## III. Conclusion and Prayer.

The panel should reconsider its opinion and judgment affirming the trial court's order. In doing so, the panel should broadly construe the Hindes' pleadings and directly address the jurisdictional arguments discussed in the parties' briefs. Further, the panel should reconsider all of the evidence

6

establishing actual and imminent injury. Ultimately, the Hindes should be permitted to move forward on their claims in the trial court.

WHEREFORE, PREMISES CONSIDERED, Appellants Philip Wayne Hindes and Melinda Hindes Eustace respectfully pray that the panel grant this motion for rehearing, withdraw the opinion and judgment of August 26, 2015, issue a new opinion and judgment reversing the trial court's order granting the La Salle County Defendant's First Amended Plea to the Jurisdiction, remand the case to the trial court for further proceedings, and grant other and further relief to which they may be justly and equitably entitled, including an opportunity to replead their claims.

Respectfully submitted,

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III
State Bar No. 24041135
HOUSTON DUNN, PLLC
4040 Broadway, Suite 440
San Antonio, Texas 78209
Telephone: (210) 775-0882
Fax: (210) 826-0075
sam@hdappeals.com

Jorge C. Rangel
State Bar No. 16543500
Jaime S. Rangel
State Bar No. 24033759
THE RANGEL LAW FIRM, P.C.
615 N. Upper Broadway, Suite 2020
Corpus Christi, Texas 78401
(361) 883-8500 – Telephone
(361) 883-2611 – Fax
Jorge.C.Rangel@rangellaw.com
jaime.rangel@rangellaw.com

J. Byron "Trace" Burton, III
State Bar No. 24031776
Ezra A. Johnson
State Bar No. 24065499
UHL, FITZSIMONS, JEWETT &
BURTON, PLLC
4040 Broadway, Suite 430
San Antonio, Texas 78209
(210) 829-1660 – Telephone
(210) 829-1641 – Fax
tburton@ufjblaw.com
ejohnson@ufjblaw.com

ATTORNEYS FOR APPELLANTS

8

## CERTIFICATE OF COMPLIANCE

In accordance with Texas Rule of Appellate Procedure 9.4, the undersigned certifies that the foregoing computer-generated motion for rehearing contains 1,490 words.

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served in accordance with the Texas Rules of Appellate Procedure on the 12th day of October, 2015, to the following:

Christopher S. Johns                    *Via email/eservice*
JOHNS MARRS ELLIS & HODGE LLP
805 West 10th Street, Suite 400
Austin, Texas 78701
cjohns@jmehlaw.com

Michael Shaunessy                    *Via email/eservice*
Christopher J. Oddo
MCGINNIS LOCHRIDGE, LLP
600 Congress Avenue, Suite 2100
Austin, Texas 78701
mshaunessy@mcginnislaw.com

Dan Miller                    *Via email/eservice*
MCELROY, SULLIVAN, MILLER, WEBER & OLMSTEAD, LLP
P.O. Box 12127
Austin, Texas 78711
dmiller@msmtx.com

/s/ Samuel V. Houston, III
SAMUEL V. HOUSTON, III

9